IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| AERONAUTICAL ACCESSORIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09-cv-286 |
| | ) | |
| PETROLEUM HELICOPTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the court on the plaintiff's motion to remand this case to the Sullivan County, Tennessee, Circuit Court at Bristol [doc. 6]. The defendant has responded and objects to a remand [doc. 10]. The plaintiff has filed a reply brief [doc. 14]. The defendant has also filed a motion to file a sur-reply brief, which the court finds unnecessary and it will be denied. The court finds that oral argument on the motion to remand is not necessary, and for the reasons stated below, the motion to remand will be granted.

The plaintiff, Aeronautical Accessories, Inc. ("AAI"), a business located in Piney Flats, Tennessee, manufactures spare parts for helicopters. The defendant, Petroleum Helicopter, Inc. ("PHI"), a business located in Lafayette, Louisiana, provides helicopter transportation to and from oil rigs in the Gulf of

Mexico. Both AAI and PHI may have other business activities, but they are not described in the record. In January 2008, AAI and PHI entered into a Fleet Operator Agreement, referred to in the pleadings as the "Contract." The Contract provided that "AAI will sell to FLEET OPERATOR [PHI], spare parts which are ordered and shipped from AAI in accordance with AAI's published terms and conditions of sale including but not limited to provisions for Warranty, at the discount from AAI's list price as specified in Schedule A attached hereto." Schedule A provides that if PHI orders a certain amount of spare parts, it will be entitled to discounts on the purchase price of listed parts.

Importantly, for purposes of the motion before this court, the Contract has a forum selection clause which provides:

> The FLEET OPERATOR hereby consents that any dispute arising out of or relating to this Agreement not otherwise settled amicably shall be adjudicated solely and exclusively in the courts of general jurisdiction for the State of Tennessee.

Fleet Operator Agreement at 6(f). There is no reference to the forum selection clause either in Schedule A or on the Warranty Registration form.

In January 2009 there was a fatal crash of one of PHI's helicopters in Louisiana. Several wrongful death actions were filed in federal court in Louisiana against PHI due to the accident. PHI denied liability and filed a redhibition cross

claim in those cases alleging that windshields it purchased from AAI failed and were the cause of the accident.[1] See Exh. A to Notice of Removal, doc. 1.

AAI's complaint in the instant case was originally filed in the Sullivan County Circuit Court seeking a declaration that:

> [A]ll disputes arising from or having anything to do with the Contract, the Limited Warranty, and/or the Windshields purchased in accordance therewith, be brought [in the Sullivan County Circuit Court];
>
> [F]iling suit or otherwise prosecuting a warranty and/or product liability claim concerning the Windshields outside the courts of general jurisdiction for the State of Tennessee is a breach of the Contract;
>
> AAI has no liability to PHI for the Windshields and for any crash allegedly stemming or arising therefrom, and that AAI owes no damages to PHI; or in the alternative
>
> AAI's damages are limited to the repair or replacement of the Windshields in accordance with the Contract and Limited Warranty.

PHI removed the case from Sullivan County to federal court alleging diversity of citizenship and an amount in controversy exceeding $75,000.

In its motion to remand, AAI argues that the forum selection clause agreed to by the parties in the Contract requires this court to remand the case to Sullivan County Circuit Court for lack of subject matter jurisdiction.[2] AAI

---

[1] A "redhibition" claim is a claim seeking to avoid a sale because a defect "renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect." La. Rev. Stat. Ann. § 2520 (1995).

[2] As pointed out by PHI, this court has diversity, thus subject matter, jurisdiction over the dispute. The issue is whether this court is a proper forum.

contends that the clause covers any dispute "arising out of or related to" the Contact, including tort claims, and the clause should be enforced. AAI further argues that federal courts are not courts of general jurisdiction for the State of Tennessee, and remand is the proper remedy.

PHI contends that the only document relevant to this dispute is the warranty on the windshields, and the warranty has no forum selection clause. PHI argues that the Contract only governs the sale and pricing of helicopter parts, and only the warranty arguably governs whether the parts sold were defective. Thus, PHI's position is that remand is not proper because the claims do not arise out of or relate to the Contract.

Thus, there are two questions before the court: first, does the forum selection clause in the Contract apply to AAI's claims, and second, if the forum selection clause applies, must the court enforce it.

### A. Application of the Forum Selection Clause

Both parties argue that the document that supports their position is the only relevant contract for purposes of this lawsuit. This must be incorrect. If this were true, the terms of each of the documents – the Contract and the warranty – could stand alone. However, without the Contract, there would have been no sale of windshields and thus no warranty. In other words, there would be no need for a warranty absent the sale of parts pursuant to the Contract. Neither document can stand alone. The court finds that dispute related to the

AAI warranty on the parts it sells, arises out of and is related to the Contract. *See, e.g., Waldman v. Palomar Med. Tech., Inc.*, No. 1:08-cv-39, 2008 WL 4415582 (E.D. Tenn. Sept. 24, 2008).

Furthermore, the forum selection clause extends to "any dispute," including tort claims. "As a general rule, 'contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties.'" *Tritt v. Category 5 Records, LLC*, 570 F. Supp. 2d 977, 981 (M.D. Tenn. 2008) (quoting *Lambert v. Kysar*, 983 F.2d 1110, 1121-22 (1st Cir. 1993); *see also Gen. Envtl. Sci. Corp. v. Horsfall*, Nos. 92-4110 to 92-4114, 1994 WL 228256 at *8 (6th Cir. May 25, 1994). "Regardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action." *Hugel v. The Corp. of Lloyd"s*, 999 F.2d 206, 209 (7th Cir. 1993)

Therefore, the court finds that the forum selection clause in the Contract applies to warranty claims arising from the sale of helicopter parts.

### B. Enforcement of the Forum Selection Clause

The next question is whether the court must enforce the forum selection clause. In a diversity suit, "the enforceability of the forum selection clause is governed by federal law." *Wong v. Partygaming, LTD*, 589 F.3d 821, 828 (6th Cir. 2009).

> A forum selection clause should be upheld absent a strong showing that it should be set aside. When evaluating the enforceability of a forum selection clause, [the] court [should] look[] to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced.

*Id.* (citations omitted).

As to the first factor, PHI has made no argument that the forum selection clause itself was obtained by fraud or duress. The two parties to the Contract are sophisticated businesses, and there is no evidence that PHI did not knowingly and willingly consent to the forum selection clause. *See Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 722 (6th Cir. 2006). Likewise, the defendant has not made any argument that the Sullivan County Circuit Court would ineffectively or unfairly handle AAI's claims.

PHI argues instead that the better and more convenient forum for resolving this dispute is Louisiana where the accident allegedly occurred.[3] However, PHI bears a "heavy burden" of showing that litigating AAI's liability under the warranty in Tennessee would be unjust or unreasonable. *Wong*, 589 F.3d at 830; *see also Preferred Capital*, 453 F.3d at 722 ("Under this step of the

---

[3] PHI has filed a motion to dismiss and/or transfer this civil action to Louisiana [doc. 3].

analysis, courts are to determine whether the chosen forum is so inconvenient as to, in effect, afford no remedy at all, thus 'depriving litigants of their day in court.'"). Enforcement of the forum selection clause is not unreasonable when the clause is in a negotiated contract between two sophisticated business entities. *Wong*, 589 F.3d at 830. The question is not whether another forum is more convenient, but whether requiring the parties to litigate in their chosen forum would be unjust or unreasonable. There is no question that it would be more convenient for PHI to litigate the warranty issues in Louisiana, but this is not what the parties bargained for. The court finds that PHI has failed to meet its burden of proof on the third factor, and the court will enforce the forum selection clause.

For the reasons stated above, the motion of the plaintiff, AAI, to remand this civil action to the Sullivan County, Tennessee, Circuit Court will be granted.

ENTER:

    *s/ Leon Jordan*
United States District Judge